**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JILL GHIANNI,<br><br>   Plaintiff,<br>v.<br>UNITED STATES POSTAL SERVICE, BRYAN IVORY, and DAVID STEINER,<br><br>   Defendant. | Case No.: 24-cv-2332-BEN-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

### I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. Having reviewed the motion, Plaintiff's opposition, Defendants' reply, and the relevant legal authorities, the Court hereby GRANTS the motion with leave to amend for the reasons set forth below.

### II. BACKGROUND

Plaintiff Jill Ghianni, an employee of the United States Postal Service ("USPS"), brings this action alleging systematic discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**A. Factual allegations**

According to the Complaint, beginning in 2013, Plaintiff alleges that despite passing a USPS supervisor examination, she was repeatedly denied promotions. She alleges younger and less experienced male employees received promotions instead. (Compl. ¶¶ 14-15).

From 2013 through 2020, Plaintiff also alleges that a coworker, Michael Oliver, made false accusations against her and engaged in workplace sabotage. She alleges that USPS supervisors knew of his conduct but did not take corrective action. (*Id*. ¶¶ 16-19).

In 2020, Plaintiff alleges she was transferred to a facility where named Defendant Bryan Ivory served as Station Manager. She alleges in her Complaint that Ivory engaged in conduct she perceived as sexually inappropriate and assigned her physically demanding tasks after she rejected his romantic advances. She further claims that Ivory subsequently altered her pay and work schedule. (*Id*. ¶¶ 30-37).

Plaintiff asserts that she filed EEO complaints and that afterwards Ivory's conduct intensified and ultimately led to her termination in July 2022 (for alleged attendance violations). USPS later reversed the termination, but she contends the remedy was insufficient. (*Id*. ¶¶ 39-45).

### B. Procedural History

Plaintiff first contacted an EEO counselor on September 3, 2021, and filed a formal EEO complaint in July 2022. The agency issued a partial acceptance and dismissal letter on August 23, 2022, and the EEOC Office issued its Final Agency Decision on September 9, 2024. Plaintiff subsequently filed this federal court action.

### III. LEGAL STANDARD

### A. Improper Defendants

In federal employment discrimination claims, the only proper defendant is the head of the employing federal agency in their official capacity. Title 42 U.S.C. § 2000e-16(c) mandates this; individual supervisors and the employing agency itself are improper defendants. Congress's strict waiver of sovereign immunity confines these claims to actions against agency heads, simplifying litigation by avoiding multiple defendants and conflicting legal theories. Thus, neither Bryan Ivory nor the USPS itself are proper defendants. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Anderson v. United States Postal Serv.*, No. LA 23-CV-09399-MWC (JPRX), 2025 WL 575353, at *3 (C.D. Cal. Feb. 18, 2025) (dismissing all defendants but Postmaster General citing

*Romain*). Therefore, the United States Postal Service and Bryan Ivory are dismissed. The sole remaining defendant is Postmaster General David Steiner (appointed July 15, 2025).

### B. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.[1] The Court accepts plausible factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### C. Exhaustion of Administrative Remedies

Federal employees must exhaust administrative remedies before filing a Title VII suit. *Boswell v. McDonough*, No. 25-cv-1769-RSH-AHG, 2025 WL 2200740, at *2 (S.D. Cal. Aug. 1, 2025) ("Before a federal employee may bring a claim in court under Title VII for discrimination or retaliation, the employee must first seek administrative relief within the agency responsible for the alleged discrimination."). Exhaustion requires contacting an EEO counselor within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). The continuing violation doctrine, however, permits consideration of otherwise time-barred acts that are part of an ongoing pattern of

---

[1] On a motion to dismiss, courts may, but are not required to, consider documents incorporated by reference into the complaint and matters of public record. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)). Courts do not take judicial notice of disputed facts contained in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by* 307 F.3d 1119, 1125–26 (9th Cir. 2002).

discrimination, provided at least one act falls within the limitations period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18 (2002).[2]

Under *Morgan*, courts distinguish between discrete acts—such as termination, failure to promote, refusal to hire, or denial of transfer—and hostile work environment claims. 536 U.S. at 114-15. Discrete acts are separate unlawful employment practices that must be individually exhausted. *Id.* at 114. In contrast, where a hostile work environment is alleged, if any act contributing to the work environment occurs within the filing period, the court may consider the entire period of alleged harassment, not just the period immediately preceding the filing. *Id.* at 117. The Ninth Circuit has limited the continuing violation doctrine following the *Morgan* decision, holding that the doctrine remains viable only in narrow contexts such as hostile work environments and systemic policy claims—not for discrete acts. *Bird v. State of Hawaii*, 935 F.3d 738, 746 (9th Cir. 2019)[3]; *Cherosky v. Henderson*, 330 F.3d 1243, 1246-47 (9th Cir. 2003).

---

[2] "It is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct. The statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability. And the statute does not contain a requirement that the employee file a charge prior to 180 or 300 days "after" the single unlawful practice "occurred." Given, therefore, that the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117–18 (2002).

[3] "[A]fter *Morgan* [ ], little remains of the continuing violations doctrine. Except for a limited exception for hostile work environment claims—not at issue here—the serial acts branch is virtually non-existent. Moreover, while we have left room for the systematic branch to apply to class-wide pattern-or-practice claims . . . we have consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred."

Incidents not specifically listed in an administrative complaint may still be considered if they are "like or reasonably related" to properly exhausted allegations. *Shelley v. Geren*, 666 F.3d 599, 605-06 (9th Cir. 2012) (quoting *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989)). The key inquiry is whether the original EEOC investigation would have encompassed the additional claims. *Id*.

**IV.    ANALYSIS**

Defendant seeks partial dismissal on a number of grounds. With good reason. Plaintiff's Complaint presents numerous allegations and EEO exhaustion. But the prolix Complaint could better specify which of the alleged acts support which of the five enumerated claims (or for that matter, if she intends to pursue other non-enumerated claims for relief). For example, Plaintiff mentions several times that she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. However, all five of the enumerated claims for relief are only presented in terms of Title VII violations. Moreover, while she makes passing references to age discrimination, she does not allege all of the acts necessary to plausibly claim all of the essential elements of an ADEA claim.[4] If Plaintiff intended to assert a claim that her ADEA rights were violated, she must set out the claim more clearly, in accordance with F.R.C.P. Rule 10(b).[5]

---

[4] Plaintiff repeats the conclusion that she was discriminated against in favor of younger employees. However, she does not allege names of younger employees, dates of discrimination, positions that younger employees of similar skills and abilities were promoted to, or other specific benefits Plaintiff did not receive that younger employees enjoyed.

[5] F.R.C.P. Rule 10(b) states, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense."

Defendant also seeks partial dismissal based on the assertion that some incidents are either time barred or unexhausted. Once again, the Complaint offers a longitudinal narrative of mistreatment, but it does not make plain the acts (or series of acts) of alleged discrimination in relation to the EEOC charges actually pursued that satisfy the exhaustion requirement. The lack of specificity with regard to exhaustion of remedies has led Defendant to throwing up his hands and asking for dismissal of "any incident of discrimination, or retaliation not administratively exhausted."

In this vein, Defendant seeks to add the administrative record of proceedings below and then ask the Court to parse the proceedings -- hunting for violations not included in the record to dismiss from the case. Scouting through the record may be a necessary task for summary judgment or trial, but at this early stage of litigation, the Court declines the invitation. Plaintiff has alleged and identified two EEOC complaints upon which she relies for exhaustion of her claims. For now, it is enough. *See e.g.*, *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002), *abrogated, in part*, by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)) (noting that *on summary judgment* EEOC charges must be liberally construed and exhaustion turns on whether claims are reasonably related to those filed); *Porter v. California Department of Corrections*, 419 F.3d 885, 893 (9th Cir. 2005) (reviewing *summary judgment* on whether Title VII claims were time-barred).[6] After all, "[t]he exhaustion analysis often turns on what is asserted in the EEOC charge, which must be construed 'with utmost liberality since [it is] made by those unschooled in the technicalities of formal pleading.'" *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 841 (D.

---

[6] "As the Supreme Court emphasized, 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.' Consequently, we refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment. If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts." *Porter*, 419 F.3d 885 at 893 (citations omitted).

1  Haw. 2014) (analyzing EEOC exhaustion *on summary judgment*) (quoting *B.K.B.*, 276
2  F.3d at 1101).

3      Tacking a different tack, Defendant contends that discrete allegedly discriminatory
4  acts (such as Plaintiff's denial of promotion), which occurred before July 20, 2021, are
5  time-barred.[7] Once again, parsing the Complaint and the administrative record to filter
6  and strain out particular acts as time-barred is a task better suited to summary judgment
7  or trial. "In determining whether a claim is timely, there is a distinction between discrete
8  acts of discrimination and/or retaliation, versus hostile work environment claims. A
9  discrete act consists of an unlawful practice that 'occurred' on the day it 'happened,'
10 which includes, for example, 'termination, failure to promote, denial of transfer, or
11 refusal to hire.'" *Yonemoto,* at 842 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536
12 U.S. 101, 111, 114 (2002)).

13     Plaintiff here makes both types of claims: discrete acts claims and hostile work
14 environment claims. Hostile work environment claims are different in kind from discrete
15 acts, because they are based on the cumulative effect of individual acts and occur over
16 time.[8] Consequently, a hostile work environment claim may be exhausted and timely in
17 direct contrast to a single act of harassment that may not be actionable on its own. *Id*.

---

[7] (45 days before Plaintiff's September 3, 2021, EEO contact)

[8] The Ninth Circuit emphasizes the importance of both frequency and severity in evaluating hostile work environment claims. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001). The conduct alleged here—including sexually explicit behavior by a supervisor and retaliation following Plaintiff's rejection of advances—falls within the scope of actionable harassment under Title VII. In *Freitag v. Ayers*, the Ninth Circuit held that persistent sexual misconduct and management's failure to respond could support a Title VII claim. 468 F.3d 528, 539-40 (9th Cir. 2006). Similarly, Plaintiff alleges sustained, unwelcome sexual conduct by her supervisor and that USPS management failed to act despite knowledge of the behavior. Plaintiff alleges tangible actions, including altered schedules, increased scrutiny, and termination. Plaintiff also claims Ivory retaliated after she rejected his advances by modifying her schedule, micromanaging her, and undermining her position. These allegations could present a plausible claim of a continuing hostile work environment.

While discrete acts might ordinarily fall outside a limitations period, they may be considered if part of a related series of actions continuing into the filing period. (For example, Plaintiff's claims of ongoing harassment by supervisors Ivory and Collado— culminating in her 2022 termination— may support a plausible inference of a continuing violation.) Because the Complaint alleges timely administrative exhaustion and facts plausibly alleging continuing violations, dismissal of particular acts on the basis of being time-barred, at this stage of the litigation is premature. Whether Plaintiff can prove her claims later is best resolved after discovery.

## V.   CONCLUSION

1. The USPS and Bryan Ivory are **DISMISSED** as improper defendants. Only claims against U.S. Postmaster General David Steiner, in his official capacity, remain.
2. Any nascent claims asserting age, race, or gender discrimination are dismissed for failure to comply with the pleading requirements of FRCP Rule 10(b).
3. Plaintiff may file an amended complaint within 21 days.
4. The U.S. Postmaster General shall file an answer or otherwise plead within 60 days of the filing of an amended complaint.

**IT IS SO ORDERED.**

DATED:   August 8, 2025

**HON. ROGER T. BENITEZ**
United States District Judge