UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GHIANNI,<br><br>                                                Plaintiff,<br><br>v.<br><br>DAVID STEINER, U.S. Postmaster General, in his official capacity,<br><br>                                                Defendant. | Case No.:  24-CV-2332 JLS (GC)<br><br>**ORDER (1) GRANTING DONALD R. HOLBEN & ASSOCIATES, APC'S UNOPPOSED MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF JILL GHIANNI AND (2) VACATING HEARING**<br><br>(ECF No. 22) |

Presently before the Court is Donald R. Holben & Associates, APC's Unopposed Motion to be Relieved as Counsel for Plaintiff Jill Ghianni ("Mot.," ECF No. 22). Defendant does not oppose the Motion. *See generally* ECF No. 25.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3).  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Stanz*

1

*v. Brown*, No. 22-CV-1164-GPC-JLB, 2025 WL 417935, at *1 (S.D. Cal. Feb. 5, 2025) (citing *Beard*, 2008 WL 410694, at *2).  "Failure to pay attorney's fees can be a valid ground for withdrawal."  *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010); *see* Model Rules of Prof. Conduct R.1.16(b)(5) (allowing withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled").

Here, good cause exists to grant the Motion.  Donald R. Holben & Associates, APC (the, "Firm") seek withdrawal because Ms. Ghianni has not fulfilled her obligations under their fee agreement.  Mot. at 4.  The Firm has "had various telephone conversations with Ms. Ghianni and exchanged emails with her on October 29, 2025, regarding the importance of her fulfilling all of her obligations under the Fee Agreement." *Id.*  The Firm has provided Ms. Ghianni with written notice that the Firm will request to withdraw if she did not fulfill her obligations.  *Id.*  Ms. Ghianni has still not fulfilled her obligations under the fee agreement, and the Firm concludes that these obligations "are material, directly relate to the representation of Ms. Ghianni in this case, and make it unreasonably difficult for the Firm to carry out her representation effectively." *Id.*  The Court concludes that the Firm has provided Ms. Ghianni with sufficient notice that it would withdraw.

The Court also concludes that the Firm's withdrawal would not unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case.  This case is in its early stages as there is a fully briefed motion to dismiss (ECF No. 16) pending. *See generally* Docket.  Given this early stage of litigation, "there is sufficient time for a new counsel to be hired and then familiarized with the case without unduly delaying proceedings or prejudicing [any Parties]." *Stanz*, 2025 WL 417935, at *1 (citing *In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022)).

/ / /

/ / /

/ / /

24-CV-2332 JLS (GC)

Accordingly, the Court **GRANTS** the Motion (ECF No. 22).  The Clerk of the Court **SHALL** update the docket to reflect the withdrawal of Donald R. Holben & Associates, APC as counsel for Plaintiff and **SHALL** remove them from the CM/ECF service list for this matter.  The Clerk of Court **SHALL** update the CM/ECF service list to reflect that Plaintiff is now proceeding *pro se* unless and until she obtains representation.  The Clerk **SHALL** update Plaintiff's contact information to the following: Jill Ghianni, 5965 Village Way, #105, San Diego, California 92130; Tel: 858-207-8794; Email: nacajill@yahoo.com. The Court notes that Plaintiff does not have *pro se* electronic filing privileges.  She will therefore be served by mail unless and until she receives Court approval for electronic filing privileges, pursuant to the U.S. District Court for the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual Section 2(b).  The Court **VACATES** the May 7, 2026, hearing.

   **IT IS SO ORDERED.**

Dated:  April 24, 2026

Hon. Janis L. Sammartino
United States District Judge

24-CV-2332 JLS (GC)