UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GHIANNI,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID STEINER, U.S. Postmaster General, in his official capacity,<br><br>                                    Defendant. | Case No.:  24-CV-2332 JLS (GC)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO FURTHER AMEND COMPLAINT**<br><br>(ECF Nos. 16, 27) |

Presently before the Court is Defendant David Steiner's Motion to Dismiss ("Mot.," ECF No. 16).  Also before the Court is Plaintiff Jill Ghianni's Opposition to Defendant's Motion to Dismiss First Amended Complaint ("Opp'n," ECF No. 17), and Defendant's Reply in Support of Motion to Dismiss First Amended Complaint ("Reply," ECF No. 20). After reviewing Plaintiff's First Amended Complaint ("FAC," ECF No. 13), the Parties' arguments, and the relevant law, the Court **DENIES** Defendant's Motion (ECF No. 16). As Defendant's Motion is denied, Plaintiff's Motion to Further Amend Complaint (ECF No. 27) "in the event the Court is inclined to grant Defendant's motion to dismiss" is **DENIED AS MOOT**.

/ / /

/ / /

1

## BACKGROUND

Plaintiff, a female over the age of forty, has worked for the United States Postal Service ("USPS") since 1989 and has worked at multiple San Diego area USPS offices since 1994. FAC ¶¶ 19–22. Plaintiff brings this action alleging sex discrimination, hostile work environment, sexual harassment, retaliation, and discriminatory discharge in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e-16, and age discrimination in violation of 29 U.S.C. § 633a. *See generally id.* Plaintiff alleges that, from 2013 onward, she was denied multiple supervisory positions despite passing the USPS supervisor exam "with a notably high score." *Id.* ¶ 23. She alleges that "younger, less experienced male employees" were promoted instead, creating a pattern that "intensified in subsequent years." *Id.* ¶ 24.

From 2013 through 2020, Plaintiff further alleges that, following a brief consensual sexual relationship with her co-worker Michael Oliver, a USPS Union Steward, Oliver used his position to "engage[] in a campaign to damage her professional reputation, including submitting a statement in support of her termination." Opp'n at 2 (citing FAC ¶ 110). Following her termination, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") who "issued a favorable ruling [in] 2016, ordering USPS to reinstate her with back pay and place her in a 204-B supervisory role." *Id.* at 3 (citing FAC ¶ 47). Plaintiff alleges that after her return, "USPS management failed to integrate her, denied her supervisory functions, and subjected her to ostracization." *Id.* (citing FAC ¶ 50).

In 2018, Plaintiff was transferred to another station where, in 2020, Brian Ivory was appointed as her supervisor. FAC ¶¶ 48–50. Plaintiff alleges that Ivory continued the pattern of promoting younger, male co-workers instead of her and other female co-workers and made sexual advances towards Plaintiff. *Id.* ¶¶ 48–53. After she rejected Ivory's advances, Ivory "retaliated by micromanaging her, manipulating her pay and assigning her unduly burdensome tasks." Opp'n at 3 (citing FAC ¶ 92). Plaintiff reported Ivory's actions to his supervisor, who took no corrective actions. FAC ¶ 58. Plaintiff was removed due

24-CV-2332 JLS (GC)

to "absenteeism," but this removal was later reversed, and Plaintiff was reinstated. *Id.* ¶¶ 66–69.

Plaintiff filed two EEO complaints at issue in this case, one on December 17, 2021, and one on July 26, 2022. *Id.* ¶¶ 12–13. On September 9, 2024, the EEOC "issued its final decision affirming no discrimination or retaliation" and advising Plaintiff of her right to file a civil lawsuit within ninety days. *Id.* ¶ 17. Plaintiff filed this action on December 13, 2024, ECF No. 1, and Defendant filed the first motion to dismiss on April 18, 2025, ECF No. 5. Judge Roger T. Benitez granted Defendant's first motion to dismiss on August 8, 2025, finding that Plaintiff failed to clearly allege what factual allegations went with each cause of action. ECF No. 9 at 5–8. Plaintiff filed her FAC on September 12, 2025, and Defendant filed the current Motion on February 6, 2026.

In the current Motion, Defendant argues that on May 29, 2025, Plaintiff "released all claims arising from her employment with the USPS that had been raised or could have been raised prior to that date" in a settlement agreement. Mot. at 2. Defendant argues that all of Plaintiff's claims in the FAC "accrued several years prior to May 2025 and are thus included in the release." *Id.* at 3. Defendant's sole argument in the present Motion is that the FAC must be dismissed as Plaintiff "voluntarily released all of her claims." *Id.* Defendant requests the Court to take judicial notice of the settlement agreement. *See* ECF No. 16-1 ("RJN").

Plaintiff argues that the subject of the EEO settlement involved "(1) issuing Plaintiff a new badge, (2) inquiring whether Plaintiff may have a Promaster vehicle, (3) [i]nspection of [an at-issue] parcel locker so that it was in working order, (4) allowing Plaintiff to respond to a complaint at Laterra Apartment complex[,] and (5) taking steps to reflect Plaintiff's actual years of service." Opp'n at 3. Plaintiff argues that this settlement and the related release were tied to an unrelated agency proceeding—not this action. *Id.* Plaintiff also argues that the settlement agreement is improper for judicial notice because the agreement is a private settlement agreement, and thus not a public record, and its "terms, authenticity, meaning, scope, execution, and legal effect are reasonably disputable and are

24-CV-2332 JLS (GC)

in dispute."  ECF No. 18 ("RJN Opp'n").

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).  In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Put differently, "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff."  *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (second alternation in original).  If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency."  *Schreiber Distrib.*

*Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

The Court first must consider whether the settlement agreement ("Agreement," ECF No. 16-2, Ex. 1) is properly the subject of judicial notice.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id*. Both exceptions "permit district courts to consider materials outside a complaint." *Id*.

"[T]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Accordingly, '[a] court may take judicial notice of matters of public record . . . .'" *Khoja*, 899 F.3d at 999 (quoting *Lee*, 250 F.3d at 689). This would include information "made publicly available by government entities . . . and [where] neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). However, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citing *Lee*, 250 F.3d at 689).

Defendant does not argue that the Agreement can be incorporated by reference, as Plaintiff does not mention the Agreement in the FAC. *See generally* RJN; FAC. Therefore, the Court only considers whether the Agreement can be judicially noticed under Federal Rule of Evidence 201. Defendant requests the Court to judicially notice the Agreement and its "General Release." RJN at 6.

/ / /

/ / /

24-CV-2332 JLS (GC)

Specifically, Defendant seeks judicial notice of the following language:

> Complainant hereby releases and forever discharges the Postal Service, its past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, union grievances, charges, administrative remedies (including but not limited to Merit Systems Protection Board or Equal Employment Opportunity Commission filings), complaints, and causes of action of any and every kind, nature, and character, known and unknown, which Complainant may now have or has ever had against the Postal Service, or any of its officers, agents, and employees, which arose in whole or in part from Complainant's employment relationship with the Postal Service, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this Agreement ("Claims").

Agreement at 12–13.

Defendant argues that "[i]n employment discrimination cases, courts routinely consider the administrative records of a plaintiff's claims before the EEOC as judicially noticeable matters of public record." RJN at 6 (collecting cases). While the Court agrees that this is generally true, Defendant does not demonstrate how the Agreement between USPS and its employee, Plaintiff, arising out of an EEOC complaint, is a part of the administrative record. *See Ahmed v. Wormuth*, No. 22-CV-4364-TSH, 2023 WL 4205765, at *4 (N.D. Cal. June 26, 2023) (finding that a settlement agreement arising out of a EEOC complaint was "outside the scope of a 'public record' subject to judicial notice," but finding that it was incorporated by reference into the complaint and part of the new administrative record because the plaintiff's new EEOC claim alleged breach of that settlement agreement).

Rather, in all the cases cited by Defendant, the records being noticed were documents filed in the EEOC administrative proceeding, not a private settlement agreement between the employer and the employee. *See, e.g.*, *Chandler v. DeJoy*, No. CV-20-924-PHX-DWL, 2021 WL 673289, at *1 n.2 (D. Ariz. Feb. 22, 2021) (taking judicial notice of an "Agency Information for Pre-Complaint Counseling form," an "Acceptance for Investigation letter"

24-CV-2332 JLS (GC)

from the EEOC, a "Motion to Amend and Restore Claims," an "Order Denying Complainant's Motion to Amend," and a "Dismissal of Formal EEO Complaint," which were all filed in the EEOC action); *Lacayo v. Donahue*, No. 14-CV-4077-JSC, 2015 WL 993448, at *9–10 (N.D. Cal. Mar. 4, 2015) (taking judicial notice of the administrative record in the EEOC proceeding, but only doing so as to the "existence of the administrative proceedings and the agency's findings," not "the truth of any fact recounted or matter asserted in the documents" (citation omitted)); *Hsu v. Donahoe*, No. 13-CV-2253-PSG, 2014 WL 1153912, at *2, ECF No. 17-1 (N.D. Cal. March 20, 2014) (taking judicial notice of "fourteen documents stemming from [the plaintiff's] employment, litigation, and EEO history," none of which being a settlement agreement following an EEOC complaint); *Huang v. Wieking*, No. CIV. S-07-589 WBS, 2007 WL 1574552, at *2 (N.D. Cal. May 30, 2007) (taking judicial notice of the "Grievance and EEO Policy, the EDR Plan, and the administrative record of [the] plaintiff's termination").

In fact, the Court is unaware of any cases taking judicial notice of a settlement agreement of this kind as part of the public record, and instead finds that, in most cases, settlement agreements are incorporated by reference or clearly entered into the administrative record. *See, e.g.*, *Ahmed v. Wormuth*, No. 22-CV-4365-TSH, 2023 WL 2309776, at *4 (N.D. Cal. Feb. 28, 2023) (declining to take judicial notice of a similar settlement agreement as a public record); *Mitchell v. Postmaster Gen. of the U.S. Postal Serv.*, No. 18-CV-100-AC, 2020 WL 2312047, at *3 (D. Or. Feb. 20, 2020), *report and recommendation adopted*, 2020 WL 2311549 (D. Or. May 8, 2020) (incorporating by reference the settlement agreement between the employee and the USPS while taking judicial notice as a public record for other documents associated with the EEOC matter); *Franklin v. City of Kingsburg*, No. 18-CV-824 AWI SKO, 2019 WL 3004016, at *3 n.1 (E.D. Cal. July 10, 2019) (incorporating by reference "the two EEOC charges and the settlement agreement"); *Paras v. Hegseth*, No. 24-268 MWJS-WRP, 2025 WL 2688878, at *2–3 (D. Haw. Sept. 19, 2025) (taking judicial notice of the filings in the U.S. Merit Systems Protection Board record, including the settlement agreement, because the

24-CV-2332 JLS (GC)

proponent provided evidence that the settlement agreement was previously entered into the administrative record); *Outlaw v. McHugh*, No. CIV. 14-371 LEK, 2015 WL 4041653, at *1 n.2 (D. Haw. June 30, 2015) (incorporating by reference a settlement agreement between the plaintiff and the Army because it was attached to the complaint); *Rice v. Ralph's Foods*, No. C 9-2650 SBA, 2009 WL 10692451, at *3 (N.D. Cal. Nov. 4, 2009) (incorporating by reference a prior settlement agreement with the EEOC).

Defendant does not offer any evidence that the Agreement was filed in the record of the EEOC proceeding, nor is the Agreement attached to or even referenced in the FAC. *See Chand v. Alta Cal. Reg'l Ctr.*, No. 23-CV-1583 DC SCR (PS), 2024 WL 5040452, at *5 n.4 (E.D. Cal. Dec. 9, 2024) ("Courts regularly take judicial notice of settlement agreements *filed in other litigation*, but the Court could identify no persuasive authority granting judicial notice of a pre-litigation private settlement agreement." (citing *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2014) ("Because the settlement agreement was filed with the bankruptcy court and is a publicly available record, it is properly subject to judicial notice . . . .")))). At this time, the Court is not provided with sufficient information to take judicial notice of the Agreement as a public record.

The Agreement is also disputed by Plaintiff. Plaintiff argues that the Agreement's "scope, intent, voluntariness, consideration, performance, and waiver" are adjudicative facts and "interpretive issues subject to reasonable dispute and not proper for judicial notice." RJN Opp'n at 3. Plaintiff states that whether the Agreement "extinguishes Plaintiff's claims is a merits determination dependent on disputed facts and context, not a proper use of judicial notice." *Id.* Plaintiff argues that this Agreement and release stem from a separate EEO administrative matter unrelated to Plaintiff's Title VII claim and this matter. Opp'n at 5. Further, Plaintiff contends that releasing the claims in the current matter "was never discussed or contemplated by the parties" and that "Plaintiff and counsel were lulled into thinking the purported release was limited to the administrative action [and] the EEO complaint, not the District Court matter." *Id.* Plaintiff's evidence of this is that the Agreement does not mention any of the factual allegations underlying the current

action, i.e., discrimination, and rather discusses Plaintiff receiving a new badge and a Promaster vehicle and inspection of postal lockers. *Id.* at 7. Plaintiff further alleges that "to the extent Defendant contends the release extinguishes claims in this action, the agreement is voidable due to fraud in the inducement." *Id.* at 2.

Here, the Court concludes that "Defendant[] seek[s] to [judicially notice] the [Agreement] for the sole purposes of creating a defense and to dispute facts in the complaint, which the Ninth Circuit has clearly indicated they cannot do." *Chand*, 2024 WL 5040452, at *6 (citing *Khoja*, 899 F.3d at 1002); *see Mednick v. Virtual Sonics, Inc.*, No. 21-CV-3755 MRW, 2021 WL 4805194, at *2 (C.D. Cal. July 22, 2021) (citations omitted) ("[D]istrict courts have declined to incorporate by reference release agreements into civil complaints in evaluating dismissal motions in employment related cases . . . [because] courts recognize that the existence or non-existence of a valid release is a defense to liability, not a fundamental basis of the plaintiff's claim."). While the cases taking this approach tend to do so in the context of the incorporation by reference doctrine, the Court finds that the same reasoning can be applied to taking judicial notice of disputed facts within the Agreement, such as the terms and effect of the purported release. *See Khoja*, 899 F.3d at 1000 (finding it was improper to judicially notice a transcript when the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes"); *Mednick*, 2021 WL 4805194, at *3 ("When the purported release itself is unclear, incorporating that document into the complaint 'would dispute alleged facts' underlying the claim." (quoting *Mikkelsen v. Wuh*, No. 19-00533 JMS-WRP, 2020 WL 1919234, at *1–2 (D. Haw. April 20, 2020)).

Even if the Court were to take judicial notice of the *existence* of the Agreement and its associated release, the Court is not convinced that, at this stage, it is proper to dismiss the FAC based on a disputed release.[1] *See Porteous v. Capital One Servs. II, LLC*, 809 F.

---

[1] The Court is further unconvinced that this argument is proper at the pleadings stage because all the cases cited by Defendant in support of their Motion were at least at the summary judgment stage. *See, e.g.*, *Nguyen v. Winter*, No. 06-CV-1226 BEN (JMA), 2008 WL 11357848, at *6 (S.D. Cal. Aug. 20, 2008)

24-CV-2332 JLS (GC)

App'x 354, 356–67 (9th Cir. 2020) ("The district court erred in considering these documents.  By doing so, the district court engaged in impermissible factfinding at the pleadings stage, failed to draw all reasonable inferences in favor of Plaintiff, and impermissibly assumed the truth of extrinsic documents for the purpose of contesting the allegations in the complaint." (first citing *Khoja*, 899 F.3d at 1002–03; and then citing *Lee*, 250 F.3d at 689)); *see also Chand*, 2024 WL 5040452, at *6 ("Because the Settlement Agreement was not incorporated by reference, and because it would be inappropriate to dismiss for failure to state a claim based on an affirmative defense that raises disputed issues of fact—whether the Settlement Agreement is invalid due to coercion, fraud, or duress—Defendants' motion to dismiss Plaintiff's claims based on the Settlement Agreement should be denied." (citing *ASARCO*, 765 F.3d at 1004)).

"In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435 n.9 (2017) (first citing Fed. Rule Civ. Proc. 8(c)(1); and then citing *Newton v. Rumery*, 480 U.S. 386, 391 (1987)); *see also ASARCO*, 765 F.3d at 1004 ("If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper."); *Capitol Specialty Ins. Corp. v. Stedfast Ins. Co.*, No. 20-CV-1382 JCM (VCF), 2022 WL 16902545, at *2 n.1 (D. Nev. Mar. 31, 2022) ("[T]his motion to dismiss is not the appropriate time to consider whether [the plaintiff's] claims are barred by the release. As [the plaintiff] argues, preclusion of claims pursuant to a release is an affirmative defense, not a burden that a plaintiff must overcome to sufficiently plead its claims." (citations omitted)).  Thus, Defendant's Motion is **DENIED**.

/ / /

---

(considering a prior settlement agreement between the plaintiff and the Navy on summary judgment); *Veronda v. Cal. Dep't of Forestry & Fire Protection*, No. C 99-5244-MMC, 2002 WL 1578879, at *5–6 (N.D. Cal. July 12, 2002) (same); *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461–63 (9th Cir. 1989) (considering whether a settlement agreement barred an action following a bench trial).

24-CV-2332 JLS (GC)

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss (ECF No. 16). As Defendant's Motion is denied, Plaintiff's Motion to Further Amend Complaint is **DENIED AS MOOT** (ECF No. 27). Defendant **SHALL FILE** an answer within sixty (60) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge

24-CV-2332 JLS (GC)